# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 31, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

158988-9

DKE, INC.,
        Plaintiff-Appellee,

v

SECURA INSURANCE COMPANY,
        Defendant-Appellant.

SC: 158988-9
COA: 333497; 337834
Oakland CC: 2005-068745-CK

_____/

On order of the Court, the application for leave to appeal the November 6, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*dissenting*).

I respectfully dissent from the Court's decision to deny the application. Plaintiff, DKE Inc., sued its insurer, Secura Insurance Company, for denying coverage after plaintiff's building was found to have been set on fire by Patrick Winter, the son of DKE's owner. Even assuming that *United Gratiot Furniture Mart, Inc v Mich Basic Prop Ins Ass'n*[1] was properly decided and that the trial court erred by failing to instruct the jury that an arsonist must have had "complete dominance and control" over the affairs of DKE to have precluded insurance benefits for the property the arsonist has burned,[2] I

---

[1] *United Gratiot Furniture Mart, Inc v Mich Basic Prop Ins Ass'n*, 159 Mich App 94 (1987).

[2] But for the unique procedural posture involving the law-of-the-case doctrine, I would question whether *United Gratiot* was properly decided. Specifically, I would question the soundness of its holding "that an insurance carrier may assert arson as a defense against a corporation's claim of fire loss [only] if it is factually demonstrated that the individual who set or procured the setting of the fire *exercised complete dominance and control* over the affairs of the corporation." *Id*. at 101 (emphasis added).

As explained by the United States Court of Appeals for the Sixth Circuit in *K & T Enterprises, Inc v Zurich Ins Co*, 97 F3d 171, 177-178 (1996):

> It makes little sense to craft a rule that requires an insurance company to demonstrate that an arsonist completely controlled a corporation before allowing the insurance company to deny the corporation the right to collect on a fire insurance policy. First, it will be extremely difficult for any insurance company to demonstrate that an arsonist had *complete* control over a corporation. . . . Second, such a rule would

believe, just as did the panel in *United Gratiot*, that the failure to precisely instruct the jury on this point of law is not an error that requires reversal of the jury verdict.

Significantly, in *United Gratiot*, the plaintiff argued that the corporate form should be disregarded only when the arsonist is the sole shareholder.[3]  The trial court rejected this argument, concluding that "dominance and control" was the appropriate standard, and denied the plaintiff's motion for directed verdict.  Later, the trial court "instructed the jury to ignore the corporate existence if it found that the alleged arsonist 'controlled the management and the operation of the corporation.' "[4]  The jury instructions did not mention "dominance and control," let alone "complete dominance and control."[5]  These are phrases used by the panel in *United Gratiot* in the opinion affirming the trial court's action.

In the present case, the trial court gave the following jury instructions:

> Defendant has the burden of proof on the following proposition:  (1) That Patrick Winter, to whom the property was entrusted, had dominion

---

> encourage some corporate officers deliberately to remain blissfully ignorant of any plans for arson by other corporate officers.  Third, such a rule gives an incentive to a financially-distressed corporation plotting arson of the corporate property to disperse control, or perhaps create formal titles giving the impression of dispersed control, in order to insure that fire insurance proceeds can be collected later.  Fourth, and most distressingly, by making it more difficult for insurance companies to deny liability in cases of arson, it is clear that the ultimate effect of this rule would be to encourage arson for profit.

For these reasons, the *K & T Enterprise* court surmised that there is "no reason to assume that the Michigan Supreme Court would extend *United Gratiot*, rather than limit it to its core holding." *Id*. at 179.  Accordingly, the *K & T Enterprise* court agreed with the insurer's reading of *United Gratiot* as stating that "complete control of the corporation is a sufficient condition to proper denial of liability, but . . . the facts of that case do not require our court to conclude that complete control is a necessary condition for proper denial of liability." *Id*. at 177.

[3] *United Gratiot*, 159 Mich App at 97-98.

[4] *Id*. at 102.

[5] The trial court confessed that "the instructions as to this test of 'dominance and control' were scanty . . . ." *Id*. at 103.  The Court of Appeals held that "[w]hile we agree that the instruction could have been more specific, we do not believe reversal is required.  If a jury charge is erroneous or inadequate, reversal is required only where failure to reverse would be inconsistent with substantial justice." *Id*.

and control over the affairs of the corporation DKE Inc. and the property at 21751 W. Nine Mile Road[.]

* * *

The defendant insurance company is not required to pay for this loss if you find that a person in sufficient control of DKE committed arson.

* * *

Exactly how much control constitutes sufficient control is a decision left to your good judgment.

* * *

The fact that an alleged arsonist is not a stockholder of the corporation at the time of the fire does not in and of itself mean that the alleged arsonist was not exercising the requisite amount of dominion and control over the affairs of the corporation to preclude coverage of the claim.

* * *

If Patrick Winter exercised sufficient control over the corporation DKE's affairs, any . . . arson on his part would be imputed to the corporation.

DKE maintains that the above instructions do not follow the exact verbiage of *United Gratiot*, which refers to "complete dominance and control."[6]  In my view,

---

[6] DKE relies on *Black's Law Dictionary* to give meaning to the words "complete" and "sufficient" as used by the Court of Appeals panel in *United Gratiot*.  Preliminarily, resort to a dictionary is most useful in the interpretation of statutes, as we assume the Legislature accorded the plain and ordinary meaning to the words used to write the law. Dictionaries are far less helpful in defining words used by courts in the interpretation of statutes, contracts, or the common law, as such interpretations are largely driven by context and the application of the facts to the applicable law.  Contrary to the assertions advanced by DKE, I conclude that resort to dictionaries is entirely unhelpful in understanding the holding in *United Gratiot.*  First, resort to a legal dictionary is not an appropriate tool of interpretation to define words that do not have unique legal meaning. " 'An undefined statutory term must be accorded its plain and ordinary meaning.  A lay dictionary may be consulted to define a common word or phrase that lacks a unique legal meaning.' "  *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 621 n 62 (2016), quoting *Brackett v Focus Hope, Inc*, 482 Mich 269, 276 (2008).  Second, it appears that DKE has engaged in some dictionary shopping, especially in regard to the word

comparison of the instructions in the present case to a snippet from the *United Gratiot* opinion misses the point. DKE and the Court of Appeals majority fail to appreciate that sufficient control is premised on the instruction that "[d]efendant has the burden of proof on the following proposition: . . . That Patrick Winter, to whom the property was entrusted, had *dominion and control* over the affairs of the corporation DKE Inc. and the property at 21751 W. Nine Mile Road[.]" Thus, the issue is whether plaintiff was denied substantial justice when the trial court instructed the jury that defendant must show Patrick Winter exercised "sufficient dominance and control" instead of "complete dominance and control." I view this as a distinction without much of a difference.

Further and more importantly, the Court has failed to recognize that this is a contract case, the outcome of which turns on the terms of the contract. Defendant denied coverage on the basis of a provision of the policy that states:

> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> *   *   *
>
> f. Dishonesty
>
> Dishonest or criminal acts by you, anyone else with an interest in the property, or any of your or their partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:
>
> (1)     Acting alone or in collusion with others;
>
> (2)     Whether or not occurring during the hours of employment.

---

"control." "Complete" is commonly defined as "having all necessary parts, elements, or steps." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Sufficient" is commonly defined as "enough to meet the needs of a situation or a proposed end." *Id*. I make this observation to highlight that the common definitions of "complete" and "sufficient" are not as strikingly dissimilar as DKE would suggest.

Although a provision may be added to a fire insurance policy, it must be consistent with the mandates of MCL 500.2833; any provision of a policy that is contrary to the provisions of MCL 500.2833 is void. The above exclusion is consistent with MCL 500.2833, which only specifically requires, in pertinent part, that fire insurance policies contain a provision stating "that the policy may be void on the basis of misrepresentation, fraud, or concealment." MCL 500.2833(1)(c). Further, MCL 500.2236(1) requires that all "basic insurance policy" forms be filed with the Department of Insurance and Financial Services and be approved by its director, the Commissioner, before a policy may be issued by an insurance company. See MCL 500.102. If the Commissioner fails to act within 30 days after the policy form is submitted, the form is deemed approved. MCL 500.2236(1).

Here, the Commissioner approved the policy and the policy is presumptively, if not conclusively, reasonable. On the other hand, the Commissioner has not approved any provision requiring that "misrepresentation, fraud, or concealment" be committed by someone with "complete dominion and control over the affairs of the corporation." Indeed, I conclude that this standard is plainly contrary to MCL 500.2833 in that it precludes a determination of "misrepresentation, fraud, or concealment" if committed by someone who does not have "complete dominion and control over the affairs of the corporation." Comparing the pertinent insurance contract language to the instructions provided the jury on the question of dominion and control, I cannot conclude that defendant was denied substantial justice. Accordingly, because the jury was adequately instructed, I would hold that the Court of Appeals erred by reversing the jury verdict.

MARKMAN, J., joins the statement of ZAHRA, J.

CAVANAGH, J., did not participate due to her prior relationship with Garan Lucow Miller, P.C.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 31, 2020



a0128

Clerk